IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN GRODEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-265-JHP-FHM |
| | ) |
| TRUSTMARK INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff's Motion to Compel Discovery Against Defendant Trustmark Insurance Co., [Dkt. 26] is before the court for decision. Defendant has filed a response [Dkt. 32] and Plaintiff has filed a reply [Dkt. 34].

This case concerns the propriety of Defendant's termination of Plaintiff's disability benefits. For over 10 years Plaintiff received monthly disability insurance payments from Defendant. Defendant monitored Plaintiff's continued eligibility for the disability payments in part, by conducting surveillance of Plaintiff. Ultimately, based in part on the surveillance materials, Defendant determined that Plaintiff was no longer eligible for the disability payments.

Plaintiff seeks an order compelling the immediate production of the surveillance materials. Defendant has agreed to produce the surveillance materials but argues that the surveillance materials were developed in anticipation of litigation and therefore production can be delayed until after Plaintiff is deposed.

The court finds that Defendant has not established that the surveillance materials

are protected work product. The only support Defendant offers for its claim that the surveillance materials were prepared in anticipation of litigation is that approximately 5 years before Defendant determined that Plaintiff was no longer eligible for disability payments Plaintiff and Defendant discussed settling Plaintiff's continued monthly payments for a lump sum buyout of the policies. No settlement resulted. Defendant argues that after the settlement failed, litigation was reasonably anticipated.

Defendant conducted surveillance of Plaintiff for approximately 5 years before Plaintiff and Defendant failed to agree to a lump sum buyout. The surveillance continued for years afterwards. The court finds that Defendant's surveillance was part of Defendant's regular business of monitoring Plaintiff's continued eligibility for payments, not work product developed in anticipation of litigation or for trial.

Additionally, Defendant relied on the surveillance materials, in part, in deciding Plaintiff was no longer eligible for disability payments. Defendant intends to use the surveillance materials at the time of trial. The surveillance materials are substantive evidence that Defendant intends to use at trial, not impeachment materials. The surveillance materials must therefore be disclosed pursuant to Fed.R.Civ.P. 26(a)(1)(A)(ii).

Plaintiff's Motion to Compel Discovery [Dkt. 26] is GRANTED.

SO ORDERED this 21st day of June, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE